

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING     HONG KONG    SHANGHAI<br>BOSTON      HOUSTON      SINGAPORE<br>BRUSSELS    LONDON       SYDNEY<br>CHICAGO     LOS ANGELES  TOKYO<br>DALLAS      NEW YORK     WASHINGTON, D.C.<br>FRANKFURT   PALO ALTO<br>GENEVA      SAN FRANCISCO |
| gkelly@sidley.com<br>(312) 853 7000 | FOUNDED 1866 |

September 12, 2018

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    *Great Western Ins. Co. v. Mark Graham et al.*, Case No. 18-06249 (VSB)

Dear Judge Broderick:

      We represent Plaintiff Great Western Insurance Company ("Great Western") in the above-captioned matter. We write to oppose the second request for an extension of time to answer or otherwise plead by defendants Mark Graham and Blue Capital Management, Inc. ("BCM"), Blue Alternative Asset Management, LLC ("BAAM"), Blue Elite Fund, Ltd., Blue Elite Fund, LP, Blue II Ltd. (collectively, the "Blue Defendants"),[1] which is set forth in a September 10, 2018 letter to the Court by counsel for Mr. Graham and the Blue Defendants (the "Request Letter").

      Great Western has worked with counsel for all defendants to move this litigation along in a fair and expeditious manner. To that end, Great Western entered into agreements with any defendant that asked—in total, 13 defendants, including Mr. Graham, and his two principal entities, BCM, and BAAM—to extend the deadline to answer or otherwise plead to September 28, 2018. Indeed, on August 17, 2018, the Court entered an Order to that effect for Mr. Graham, BCM, BAAM and certain other defendants, pursuant to a stipulation ***signed by Mr. Graham himself***.[2]  *See* Dkt. No. 23 (8/17/2018 Stipulation and Order); *see also* 8/21/2018 Electronic Order by Court ("Set/Reset Deadlines: Motions due by 9/28/2018").

      Now, Mr. Graham and the Blue Defendants have made a second request for an extension of time to answer or otherwise plead—this time, for an additional 40 days. Although counsel for Mr. Graham and the Blue Defendants is relatively new to the case, the requested additional extension is unwarranted.

---

[1] The Blue Defendants are all controlled/staffed by Mr. Graham and his small handful of employees/agents.
[2] Although the other Blue Defendants were not signatories to that agreement, those entities were properly served on August 14, 2018—three days prior to the Court's August 17, 2018 Stipulation and Order (Dkt. No. 23) formally approving the parties' agreement to the September 28, 2018 deadline—and 45 days prior to the September 28, 2018 deadline to answer or otherwise plead.  *See* Dkt. Nos. 35-37.

**SIDLEY AUSTIN LLP**
**SIDLEY**

*First*, though the second paragraph of the Request Letter references a pending SEC investigation, it neglects to mention the SEC Order entered on September 6, 2018. *See SEC Order*, attached hereto as Ex. A. In that Order, the SEC explains that Mr. Graham, BCM and BAAM have **admitted to misconduct concerning, and their role in the misappropriation of, Great Western's funds that is the basis for Great Western's Complaint in this action** (Great Western is called "Insurance Company A" in the SEC Order). Having already admitted to their wrongdoing, Mr. Graham and the Blue Defendants do not need 40 additional days to answer or otherwise plead.

*Second*, the purpose of the extension for all defendants to September 28, 2018, is to give all defendants adequate time to formulate their positions and to put everyone on the same schedule. Allowing Mr. Graham and the Blue Defendants 40 additional days, which they do not even need, would play havoc with the agreed schedule and result in extra work and delay for the Court and the parties.

*Third*, since Great Western requested information about the whereabouts of its money in the fall of 2016, Mr. Graham and the Blue Defendants have repeatedly resorted to obfuscation and delay, as is mentioned in the SEC Order. *See, e.g.,* Ex. A at ¶ 28. Some additional, even more recent, examples of Mr. Graham's calculated obstructionism:

- On December 14, 2017, Mr. Graham grudgingly agreed to appear before the *Great Western v. Alpha Re* arbitration panel on January 8, 2018, to testify personally and as the representative of BCM and BAAM.

- On January 3, 2018, Mr. Graham's then-attorney told Great Western that Mr. Graham had a "family health issue," and needed to reschedule to January 16, 2018. Great Western agreed. Mr. Graham, BCM, and BAAM did not raise any other objections or provide other reasons for the delay. *See* January 4, 2018 Email, attached hereto as Ex. B.

- On January 11, 2018, Mr. Graham suddenly announced he would not attend, because the arbitration was complete. As the arbitration umpire observed when Mr. Graham's then-counsel made that argument to the arbitration panel, it is "baffling that anybody would suggest that an arbitration is over to the arbitrators who are continuing to work on the arbitration." *See* January 17, 2018 Hearing Transcript at 6:21-24, attached hereto as Ex. C.

- On February 16, 2018, Great Western subpoenaed Mr. Graham, BCM and BAAM in post-judgment proceedings related to its arbitration award against Alpha Re. Mr. Graham, BCM and BAAM moved to quash, and the New York Supreme Court decisively rejected that effort, expressing as much incredulity as the arbitration umpire. *See* April 5, 2018 Hearing Transcript at 23:2-24:1, attached hereto as Ex. D.

- Mr. Graham, BCM and BAAM then appealed and sought a stay from the New York Supreme Court's ruling. On June 6, 2018, the Appellate Division rejected that effort as well. *See* Appellate Order, attached hereto as Ex. E.

2

**SIDLEY AUSTIN LLP**
**SIDLEY**

*Lastly*, the Request Letter's assertion that Great Western "declined to negotiate" is inaccurate. *See* Dkt. 52. Counsel for Great Western and Mr. Graham and the Blue Defendants exchanged numerous telephone calls and emails on this subject. *See* Dkt. 52-1 and 52-2. However, as explained above, no further extension of time is warranted. Having admitted their guilt, Mr. Graham and the Blue Defendants' days of throwing sand in the gears of justice and delaying Great Western's efforts to recover its money must now come to an end.

                                                  Respectfully submitted,

                                                  Gerard D. Kelly
                                                  (admitted *pro hac vice*)

cc:    Counsel of Record (via ECF)

3

ACTIVE 235868860