

| | | |
|---|---|---|
| NEW YORK | *FIRM and AFFILIATE OFFICES* | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | ERIC R. BRESLIN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 973 424 2063 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 973 556 1552 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* ERBreslin@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

September 13, 2018

VIA ECF

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
Room 4115
New York, New York 10007

      Re:    Great Western Ins. Co. v. Blue Capital Management, Inc., et al., No. 1:18-cv-6249(VSB)

Dear Judge Broderick:

      We are the attorneys for defendant-entities Blue Capital Management, Inc., Blue Alternative Asset Management, LLC, Blue Elite Fund, Ltd., Blue Elite Fund, L.P., and Blue II, Ltd., and Mark Graham (together the "Blue Defendants"). We respond to Plaintiff's September 12, 2018 letter.

      Plaintiff has ignored the spirit and the letter of the Court's Order, requiring the parties to work together on a reasonable and mutually agreeable schedule for efficient and streamlined motion practice. (Dkt. 23, Stipulation and Order, at p. 2.) Sidley has refused to even discuss a briefing schedule with us, despite our recent retention as counsel. This refusal will only complicate, rather than expedite, this litigation.

      We represent five defendants, each of whom have myriad complicated issues, all of which we wish to research and brief for the Court. We only ask that we be accorded a reasonable amount of time to gather and review the record and prepare to defend our clients' interests as required. We respectfully submit that modest extension is appropriate.

      We further note that Plaintiff's somewhat hyperbolic claim that the Blue Defendants have "admitted guilt" is untrue. (Dkt. 56, Letter of 9/12/18, at p. 3.) In the SEC settlement, the Blue



Honorable Vernon S. Broderick
September 13, 2018
Page 2

Defendants expressly refused to admit the truth of the SEC's allegations.  (Dkt. 56-1, Order Instituting Administrative and Cease-and-Desist Proceedings, at p. 2-3.)  Additionally, the SEC Order states that the SEC's findings are not binding in any other proceeding.  (*Id.* at p.3 n.1.)

   There will be a time and a place to litigate the merits of this litigation and we keenly look forward to doing so.  But, a routine request for an extension of time at the very onset of what will be a complex case, is really not the time.   We respectfully request that this Court grant the Blue Defendants an extension of time to file an answer or appropriate motion and reset the deadlines to those set forth in our Proposed Scheduling Order.  Alternatively, if the Court were inclined to hold a scheduling conference with all parties, perhaps these matters could be resolved in a less piecemeal fashion.

   We thank the Court for its courtesy.

                Respectfully submitted,

                 /s/ Eric R. Breslin
                Eric R. Breslin

Attachments
cc. All Counsel of Record (VIA ECF)