**Law Offices of**
**Thomas C. Moore, P.C.**
63 White Plains Road
Bronxville NY 10708
(914) 255-0108
tom@thomasmoore.legal
www.thomasmoore.legal

September 14, 2018

VIA ECF

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
Room 4115
New York, New York 10007

    Re: Great Western Ins. Co. v. Blue Capital Management, Inc., et al., No. 1:18-cv6249(VSB)

Dear Judge Broderick:

I represent John Drake, one of three directors of defendant Alpha Re Ltd. who are defendants in this case.  There is no D&O policy and these individuals (one of whom, I understand, has yet to be served) will have to cover the costs of this matter themselves.  In order to limit the potential for unnecessary expense and delay, and in the interests of litigation efficiency and streamlining motion practice before the Court, I write to join in the request by counsel for the so-called "Blue Defendants," seeking an adjournment, and suggesting a pre-motion scheduling conference.  (Docket no. 52)

The complaint currently contains three RICO counts.  These provide the sole basis alleged for federal court jurisdiction; the remaining counts are state claims as to which plaintiff asks the Court to exercise supplemental jurisdiction. (Complaint ¶ 31.)  RICO is a notoriously difficult statute to parse and a further extension of time is warranted on that basis alone.  In addition, in an attempt to avoid duplication and save my client money, I am attempting to coordinate with other defense counsel, where appropriate, to enable my client to simply adopt, rather than repeat, arguments others will be setting forth.  That coordination takes time.

I also would request that the Court schedule briefing so as to first consider the "gating" issue of personal jurisdiction over my client (and the other two Alpha Re directors). My client never entered the jurisdiction in connection with the matters alleged in the complaint.  (I am informed this is true also of the other two Alpha Re directors.)  Unless the plaintiff can show minimum contacts of which I am unaware, keeping Mr. Drake (and the other directors) in this case offends due process. This jurisdictional issue should be decided, I submit, before putting them to the considerable expense of an omnibus motion to dismiss.

At a pre-motion conference, I also respectfully would urge Your Honor to consider a pre-motion protocol used by some other Judges in the Southern District, wherein defendants submit pre-motion letters putting plaintiff on notice of any alleged

U.S.D.J. Broderick
September 14, 2018
Page Two

deficiencies in the current complaint, following which Plaintiff would then have the opportunity to stand by, or amend, its pleading. If Plaintiff chooses to stand by its pleading, then it cannot amend after the motions have been fully submitted. *See, e.g.,* Rule III.B of the recently amended Individual Practices in Civil Cases of U.S.D.J. Analisa Torres. This helps avoid the expense and delay of yet another round of briefing on a second motion to dismiss any amended complaint, and the concomitant burden on the Court's resources.

One of the factors militating in favor of this approach is what I believe to be a fatal flaw in the RICO counts. Plaintiff's counsel recently filed with the Court an SEC Order reached on consent with defendant Mark Graham (see Ex. A to docket #56-1). The recitation of facts in the SEC Order mirror key elements of the predicate acts alleged in plaintiff's RICO counts. Because the SEC Order clearly establishes that the SEC "could have" brought a securities fraud action arising from the acts pleaded in the complaint here, the Private Securities Litigation Reform Act, 18 U.S.C. § 1964(c), bars plaintiff's RICO counts altogether. If just "one predicate act" in the alleged scheme is actionable as securities fraud, "the whole scheme is subject to the PSLRA bar." *Gilmore v. Gilmore,* No. 09 Civ. 6230, 2011 WL 3874880, at *6 (S.D.N.Y. Sept. 1, 2011) (quoting *Ling v. Deutsche Bank, AG*, No. 04 Civ. 4566(HB), 2005 WL 1244689, at *3 (S.D.N.Y. 2005). "[T]he dispositive inquiry is whether the alleged predicate acts <u>could</u> form the basis for a securities fraud suit by the SEC." *In re Libor-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 726 (S.D.N.Y. 2013), *vacated in part on other grounds*, *Gelboim v. Bank of Amer. Corp.*, 823 F.3d 759 (2d Cir. 2016) (emphasis added). *See also, Friedman v. JP Morgan Chase & Co.*, 15-cv-5899 (JGK), 2016 WL 2903273, at *13-14 (S.D.N.Y. May 18, 2016) (dismissing RICO claims that relied at least in part on conduct sounding in securities fraud); *O'Callaghan v. N.Y. Stock Exch.*, No. 12 Civ. 7247(AJN)(SN), 2013 WL 3984887, at *15 (S.D.N.Y. Aug. 2, 2013) ("[T]he PSLRA bars private causes of action under RICO for predicate acts that describe conduct that would otherwise be actionable as securities fraud.")

In order to avoid unnecessary motions, I would request that, at a pre-motion conference, plaintiff should be required to explain whether it intends to stand by the complaint as pleaded, or if it intends to offer an amended complaint in an attempt to solve the PSLRA issue (although it seems impossible that this could be accomplished). Our goal is to avoid wasting time, money and judicial resources attacking a moving target.

As required by Your Honor's rules, I disclose that plaintiff opposes any further extension, and that the Court has previously granted my one request for an extension of time to move as to the complaint, until September 28, 2018.

Respectfully submitted,

*[signature]*