# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 17, 2018

Michael S. Gordon
direct dial: 212.589.4265
mgordon@bakerlaw.com

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

*Re:*   *Great Western Insurance Company v. Mark Graham, et al.*, Case No. 18-06249 (VSB)

Dear Judge Broderick:

We are counsel for defendants, Donald Solow ("Mr. Solow"); Regatta Holdings LLC ("Regatta"); Cygnet 001 Master Trust ("Cygnet Master Trust"); Cygnet 001 Master Trust Series 2011-A ("Series 2011-A"); Cygnet 001 Master Trust Series 2011-C ("Series 2011-C"); and Cygnet 001 Master Trust Series 2013-A ("Series 2013-A") (Mr. Solow, Regatta, the Cygnet Master Trust and its Series 2011-A, 2011-C and 2013-A collectively are referred to as the "Cygnet Defendants") in the above-captioned matter. While the Cygnet Defendants are prepared to file their motion to dismiss the Complaint on September 28, 2018 pursuant to the Stipulation So Ordered by the Court on August 17, 2018 (Dkt No. 23, the "8/17/18 Stipulation and Order"), we respectfully submit this letter to join the letter applications of counsel for the Blue Defendants[1] dated September 13, 2018 (Dkt. No. 58) and defendant, John Drake dated September 14, 2018 (Dkt. No. 60) asking the Court, *inter alia*, to convene a pre-motion conference. The basis for the Cygnet Defendants' joining the application of the Blue Defendants and Mr. Drake is the recent issuance by the SEC of an Order dated September 6, 2018 (the "SEC Order," *see* Dkt. No. 56-1), which Order plaintiff Great Western Insurance Company ("GWIC") directly has linked to the "predicate acts" of "racketeering" in its Complaint (Dkt. No. 5, the "Complaint" or "Compl."), which establishes, unequivocally, that GWIC's RICO claim is barred by the Private Securities Litigation Reform Act, 18 U.S.C. §1964(c) ("PSLRA").

---

[1]   The "Blue Defendants" refers to defendants, Mark Graham ("Mr. Graham"); Blue Capital Management, Inc. ("BCM"); Blue Alternative Asset Management Inc. ("BAAM"); Blue Elite Fund, Ltd.; Blue Elite Fund, L.P.; and Blue II, Ltd..

The Honorable Vernon S. Broderick
September 17, 2018
Page 2

      Indeed, GWIC asked the Court to take judicial notice of the SEC Order and **specifically linked** the SEC's findings in that Order to the allegations of racketeering in the Complaint.  In its September 12th letter, GWIC contends that in the Order, "the SEC explains that Mr. Graham, BCM and BAAM have admitted to misconduct concerning, and their role in the misappropriation of, [GWIC's] funds *that is the basis [GWIC's] Complaint in this action* . . ." (emphasis added.)  (Dkt. No. 56 at p. 2.)  As Thomas Moore, counsel for defendant John Drake, explains in his September 14th letter (Dkt. No. 60) with citations to Second Circuit caselaw, because the conduct alleged as predicate acts to GWIC's RICO claim are otherwise actionable as securities fraud, the RICO claim is barred under the PSLRA.  Further to this point, the SEC Order alleges that certain misrepresentations made by Mr. Graham, BCM and BAAM constitute "deceptive conduct" in the purchase and sale of securities under Section 206(1), 206(2), 206(4) of the Investment Advisers Act of 1940.  (*See* Dkt. No.56-1, SEC Order at ¶¶ 28, 32 – 33.)  Notably, the SEC's allegations of "deceptive conduct" are coincide, in numerous instances, with the allegations that comprise the "predicate acts" of the RICO scheme alleged in GWIC's Complaint (*See*, *e.g.*, Dkt. No. 5, Compl. ¶ 78 alleging that Mr. Graham's statements that GWIC's Trust Account was "fully funded . . . was false, as Graham . . . knew its actual value was far below what was being represented to [GWIC];" *see also id.* ¶ 181(f) and (h), alleging that all of the RICO Defendants (defined below) "actually used – or foreseeably would have used – wires" to invest and transfer reinsurance trust assets  when these RICO Defendants "knew the value of the assets in Series 2011-C was significantly less than" the amount represented by Graham and/or "engaged in self-dealing and fraud . . .")  In addition to being barred by the PSLRA, the Cygnet Defendants believe that the RICO claim is fatally flawed for myriad other reasons, including GWIC's failure to adequately plead, *inter alia*, a pattern of racketeering activity, a RICO enterprise and/or a RICO conspiracy – all of which the Cygnet Defendants would be happy to lay out in a separate pre-motion conference letter.  Accordingly, the Cygnet Defendants respectfully submit that neither they, nor any of the other RICO Defendants for that matter, should be forced to engage in time consuming and costly briefing of a RICO claim that is fatally defective and that a pre-motion conference in accord with the protocol contemplated in Mr. Moore's September 14th letter should be convened by the Court.[2]

      Further to this point, it should be noted that GWIC's RICO claim constitutes *most* of the allegations in its 52-page, 232 paragraph Complaint (*see*, *e.g.*, Dkt. No. 5, Compl., ¶¶ 1 – 142 and ¶¶ 166 – 200.)  Moreover, the RICO claim has been asserted against 11 of the 22 defendants in this action (collectively, the "RICO Defendants"): (i) 3 of whom – Mr. Graham, BCM and BAAM – have just retained counsel (Duane Morris) and have asked the Court for an extension of time to respond to the Complaint, to which GWIC has refused to consent (*see* Dkt. Nos. 52, 56 and 58); (ii) 3 of whom – defendant John Drake, joined in the instant application by Cygnet Defendants, Mr. Solow and Regatta – are seeking an extension in the interests of streamlined motion practice,

---

[2]   Additionally, Mr. Moore, on behalf of defendant John Drake, who resides in Canada, has raised the issue that his client, a former director of defendant, Alpha Re Ltd. ("Alpha Re"), and two defendants who are former directors of Alpha Re – the recently-served Edward Brendan Lynch and the as-yet unserved Gregory Tolaram – should not have to go through the arduous task of briefing the RICO claim before the threshold issue of whether the Court can exercise personal jurisdiction over these defendants is decided, which perhaps militates in favor of separate, streamlined personal jurisdiction track for these three RICO defendants.  (*See* Dkt. No. 60 at p. 1.)

including the convening of a pre-motion conference to obviate unnecessary briefing of a fatally deficient RICO claim; (iii) 4 of whom – defendants, Alpha Re, Alpha Re Holdings (Cayman) Limited and Atlantic Specialty Finance (collectively, the "Alpha Defendants") and defendant, Gregory Tolaram have neither appeared nor been served in this action;[3] and (iv) 1 of whom – defendant, Edward Brendan Lynch – has just appeared in this action and has received, on consent from GWIC, an extension of time until November 21, 2018 to respond to the Complaint (Dkt. No. 59), which counsel for Mr. Lynch has asked the Court to So Order.  The problem of coordinating scheduling amongst the RICO Defendants (who are domiciled in the U.S. and overseas) was precisely contemplated in the 8/17/18 Stipulation and Order as a basis for modifying the current deadline to respond to the Complaint (Dkt. No. 23 at ¶ 4), which is all the more compounded by the need for a pre-motion conference in light of fatal pleading defects underscored by the recent issuance of the SEC Order.

Pursuant to the Court's Individual Rule 1(H), the Court has granted one prior request of the Cygnet Defendants for an extension of time until September 28, 2018 to respond to the Complaint (Dkt. No. 23.)  The undersigned has not asked GWIC's counsel to consent to the instant adjournment request because, as stated in the submissions of counsel for the Blue Defendants and Mr. Drake, GWIC has refused to consent to any further extensions.  Further, as stated at the beginning of this letter, the Cygnet Defendants are prepared to file their motion to dismiss on September 28, 2018, but would strongly prefer to defer the same given the need for the coordination of scheduling amongst defendants, which undoubtedly would be facilitated by implementation of the pre-motion conference protocol contemplated in Mr. Moore's September 14th letter to the Court (Dkt. No. 60 at p. 2.)

For all these reasons, the Cygnet Defendants respectfully request that the Court adjourn the current deadline for responding to the Complaint, convene a pre-motion conference and, if appropriate thereafter, enter a Scheduling Order for defendants' briefing of their motion(s) to dismiss the Complaint.

Respectfully submitted,

*Michael Gordon*

Michael S. Gordon

cc:     All Counsel of Record

---

[3] Regarding the Alpha Defendants and Mr. Tolaram, GWIC advised the Court on September 10th that the Central Authorities of the Cayman Islands, Bahamas and Bermuda "are still in the process of serving defendants Alpha Re Holdings Limited, Atlantic Specialty Finance, and Gregory Tolaram" and that "[o]nce service is properly effectuated on each of these defendants, we will file proof of service as to each. . ." (Dkt. No. 47.)