

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA • ASIA PACIFIC • EUROPE

GKELLY@SIDLEY.COM
+1 312 853 2068

September 18, 2018

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   <u>Great Western Ins. Co. v. Mark Graham, et al.</u>, Case No. 18-06249 (VSB)

Dear Judge Broderick:

      We represent Plaintiff Great Western Insurance Company ("<u>Great Western</u>") in the above-captioned matter.  We write in response to the letter application of counsel for defendant Mark Graham and the Blue Defendants[1] dated September 13, 2018 (Dkt No. 58), the letter application of counsel for defendant John Drake dated September 14, 2018 (Dkt. No. 60), and the letter application of counsel for defendant Donald Solow and the Cygnet Defendants[2] dated September 17, 2018 (Dkt. No. 61).  We draw the Court's attention to our letter application dated September 12, 3018 (Dkt. No. 56).

      Great Western remains concerned that Mr. Graham and the Blue Defendants, and now Mr. Solow and the Cygnet Defendants, having previously agreed to September 28, 2018, as the deadline for them to answer or otherwise plead, are engaged in a continuation of the obstructionism Great Western has experienced since the Fall of 2016 regarding the well over $100 million of its missing funds that are at issue.  *See* Dkt. Nos. 5, 56, 56-1, 56-2, 56-3, 65-4, and 56-5.  However, Great Western agrees with Mr. Drake's suggestion that some form of pre-motion scheduling conference would be of benefit to the Court and to the parties, and therefore

---

[1] The "Blue Defendants" refers to defendants Blue Capital Management, Inc., Blue Alternative Asset Management Inc., Blue Elite Fund, Ltd., Blue Elite Fund, L.P., and Blue II, Ltd., which are all controlled by defendant Mark Graham.

[2] The "Cygnet Defendants" refers to defendants Regatta Holdings LLC, Cygnet 001 Master Trust, Cygnet 001 Master Trust Series 2011-A, Cygnet 001 Master Trust Series 2011-C, and Cygnet 001 Master Trust Series 2013-A, which are all controlled by defendant Donald Solow.

# SIDLEY

The Honorable Vernon S. Broderick
September 18, 2018
Page 2

Great Western will no longer object to a short continuance beyond September 28, 2018, for defendants to answer or otherwise plead. In particular:

- *First*, as noted, Great Western agrees with the suggestion of a pre-motion scheduling conference. Great Western respectfully suggests that such pre-motion scheduling conference be held telephonically. If the Court prefers to hold the conference in person, I would respectfully request that it be set for Monday, September 24, 2018, so that I can travel to New York for the conference.

- *Second*, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, the basis of which was pled in the Complaint (Dkt. No. 5, ¶¶ 8-29). Great Western is prepared to amend its complaint to expressly reference 28 U.S.C. § 1332. Additionally, the Complaint already expressly references that this Court has subject matter jurisdiction of the matters complained of pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1961.

- *Third*, Great Western is reviewing the arguments raised by certain defendants regarding Great Western's three RICO counts, the Private Securities Litigation Reform Act, and the nature and extent of the impact on this action of the SEC's findings against Mr. Graham and two of the Blue Defendants (Dkt. No. 56-1). Great Western agrees that the SEC's findings regarding the misconduct by Mr. Graham and others with respect to Great Western's funds is significant, but defendants' discussion of their cited case law appears to be materially flawed.

Great Western thanks the Court for its consideration and attention to this matter.

Respectfully submitted,

*s/Gerard D. Kelly*
Gerard D. Kelly
(admitted *pro hac vice*)

SO ORDERED:

*Vernon Broderick*
HON. VERNON S. BRODERICK  9/21/2018
UNITED STATES DISTRICT JUDGE

I am in receipt of the parties' letters. (DN 52, 56, 58-62.) I will hold a telephonic scheduling conference pertaining to the filing of Defendants' anticipated motions to dismiss on Wednesday, October 3 at 11:30am. Prior to the conference, the parties shall meet and confer and submit a joint letter outlining their proposed briefing schedule(s). If the parties cannot agree to a single briefing schedule, that should be set forth in the letter. To the extent possible, Defendants should designate one or two firms to speak on behalf of Defendants and/or groups of Defendants. The deadline for all Defendants to answer or otherwise respond to Plaintiff's complaint is adjourned until a future date that will be set following the conference. Counsel for Plaintiff shall provide the Court and Defendants with one dial-in number that may be used for the conference.