

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA •

GKELLY@SIDLEY.COM

**APPLICATION GRANTED
SO ORDERED** [signature]
VERNON S. BRODERICK
U.S.D.J. 10/3/2018

Plaintiff is granted leave to amend its complaint as set forth herein and the parties' request to set the briefing schedules outlined below is granted.

<u>VIA ECF</u>

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   <u>Great Western Ins. Co. v. Mark Graham, et al.</u>, Case No. 18-06249 (VSB)

Dear Judge Broderick:

On September 21, 2018, the Court ordered the parties to meet and confer and to submit a joint letter to the Court regarding the briefing schedule for defendants' anticipated motions to dismiss.  *See* Dkt. No. 63.  The parties are pleased to report that they met and conferred telephonically on September 25 and 26, 2018, and have agreed as set forth in this letter, subject to the Court's approval.

In both of the teleconferences described in this letter, it was agreed that plaintiff Great Western Insurance Company ("Great Western") would, with the Court's leave, be permitted to file a first amended complaint with respect to which the ***only*** amendment would be to paragraph 30 thereof (*see* Exhibit 1).  The purpose of that amendment is, as set forth in Great Western's letter to the Court dated September 18, 2018 (*see* Dkt. No. 62), to make explicit that Great Western is asserting that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  By agreeing to this amendment, none of the defendants waive any objection to the first amended complaint, including, but not limited to, any and all jurisdictional objections.

On September 25, 2018, a conference call was held involving counsel for Great Western and counsel for defendants Mark Graham, Donald Solow, Blue Capital Management, Inc., Blue Alternative Asset Management LLC, Wilmington Savings Fund Society, FSB, Christiana Trust, Regatta Holdings LLC, Cygnet 001 Master Trust, Cygnet 001 Master Trust Series 2011-A, Cygnet 001 Master Trust Series 2011-C, Cygnet 001 Master Trust Series 2013-A, Blue Elite Fund Ltd., Blue Elite Fund LP, Blue II Ltd., Sancus Capital Blue Credit Opportunities Fund Ltd., Ability Insurance Company, Edward Brendan Lynch ("Lynch"), and John Drake ("Drake") (by proxy) (together the "Defendants").  In that conference call, the parties agreed to ask the Court to

# SIDLEY

The Honorable Vernon S. Broderick
September 28, 2018
Page 2

approve the following briefing schedule with respect to all Defendants other than Lynch and Drake:

1. On or before October 31, 2018, the Defendants (other than Lynch and Drake) shall file their motions to dismiss the first amended complaint and memoranda in support thereof.

2. On or before December 12, 2018, Great Western shall file responses to any motions to dismiss filed by the Defendants (other than Lynch and Drake).

3. On or before January 16, 2019, the Defendants (other than Lynch and Drake) shall file replies to any responses filed by Great Western.

On September 26, 2018, a conference call was held involving counsel for Great Western and counsel for defendants Drake and Lynch. Drake and Lynch assert that they are not residents of the United States and that the Court lacks personal jurisdiction over them. Drake and Lynch have requested, and Great Western has agreed, that, with the Court's leave, Drake and Lynch be permitted first to move to dismiss based on lack of personal jurisdiction. Only if such motions are denied would Drake and Lynch be required to answer or otherwise plead generally to the first amended complaint (or any then operative complaint). Great Western and Drake and Lynch therefore agreed to ask the Court to approve the following briefing schedule with respect to Drake and Lynch:

1. On or before November 21, 2018, Drake and Lynch shall file their motions to dismiss the first amended complaint based on lack of personal jurisdiction and memoranda in support thereof (which is the date to which the parties have previously agreed). Promptly thereafter, counsel for Great Western and for Drake and Lynch shall meet and confer regarding possible expedited discovery concerning the factual bases for such motions. Such discovery, if any, shall be completed in time for Great Western to respond in accordance with the following paragraph.

2. On or before January 22, 2019, Great Western shall file responses to Drake and Lynch's motions to dismiss the first amended complaint based on lack of personal jurisdiction.

3. On or before February 12, 2019, Drake and Lynch shall file replies to any responses filed by Great Western.

# SIDLEY

The Honorable Vernon S. Broderick
September 28, 2018
Page 3

      The parties look forward to discussing the foregoing with the Court in the telephonic conference scheduled by the Court for October 3, 2018, at 11:30 am EDT.  Eric Breslin of Duane Morris has been designated to speak for the Defendants on the issue of the briefing schedule on the October 3 call only.  The phone number for that conference is 877.480.1629, and the conference code is 2203381813.

                                    Respectfully submitted,

                                    */s/ Gerard D. Kelly*
                                    Gerard D. Kelly
                                    (admitted *pro hac vice*)

GDK:mjt

cc:      Counsel of Record (via ECF)

# EXHIBIT 1

30. This Complaint is filed, and this Court has subject matter jurisdiction of the matters complained of, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 18 U.S.C. § 1961, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. § 1331, because Great Western's action against certain Defendants arises under 18 U.S.C. § 1961. This Court has diversity jurisdiction under 28 U.S.C. § 1332, because (a) Great Western and Defendants are citizens of different states, with Great Western being incorporated and its principal place of business being located in Utah, while no Defendant is incorporated in or is a citizen of Utah, and (b) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.