UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GREAT WESTERN INSURANCE CO., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil action no. 1:18-cv-06249 |
| v. | : | VSB-SN |
| | : | |
| MARK GRAHAM, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTIONS TO DISMISS
FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANTS DRAKE AND LYNCH**

_____

**LAW OFFICES OF THOMAS C. MOORE, P.C.**
Thomas C. Moore, Esq.
63 White Plains Road
Bronxville, NY 10708

*For Defendant John Drake*

**LAW OFFICE OF ANDY S. OH, PLLC**
Andy S. Oh
111 South Street,
New York, NY 10038

*For Defendant Edward Brendan Lynch*

***Note**: In order to avoid the appearance on the docket that either Movant failed to satisfy the requirements of the Local Rules that a motion be supported by a Memorandum of Law, both counsels will file identical copies of this Memorandum, each under their individual Pacer identification numbers.  We apologize if this creates any confusion.*

**TABLE OF CONTENTS**

Page

**PRELIMINARY STATEMENT**……………………………………………………………………………… 1

**THE RELEVANT ALLEGATIONS OF THE COMPLAINT**……………………………………… 1

**LEGAL ARGUMENT**………………………………………………………………………………………… 3

**THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE FACTS THAT, IF TRUE, WOULD CREATE PERSONAL JURISDICTION OVER THE MOVANTS**……………………………………………………. 3

    **A. The Standard of Review Requires Dismissal**………………………………………… 3

    **B. The First Amended Complaint Does Not Satisfy the New York Statute**………………… 5

        **1. The Movants Are Not Subject to the "General" Jurisdiction of New York Courts Because They Are Not Alleged to Have Permanent and Continuous Contacts With This State**…………………………………………………………………. 5

        **2. The Movants Are Not Subject to "Specific" Jurisdiction Pursuant to CPLR §302**……………………………………………………………. 6

            **a. Movants are not "doing business" in New York**………………………………… 6

            **b. Movants Committed No Tort Which Might Subject Them to Jurisdiction in New York**………………………………………………………. 8

            **c. Movants Have No Property in New York**……………………………………… 9

    **C. Jurisdiction over Movants Would Not Comport with Due Process** ……………………. 10

**CONCLUSION**……………………………………………………………………………………………. 11

**AUTHORITIES CITED**

**CASES**

*Alki Partners, L.P. v. Vatas Holdings GMBH*, 769 F. Supp. 2d 478 (S.D.N.Y. 2011), *affd sub nom. Alki Partners, L.P. v. Windhorst*, 472 Fed. Appx. 7 (2d Cir. 2012)…………………… 3

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194 (2d Cir. 1990), *cert. denied* 498 U.S. 854 (1990)……………………………………………………………………………. 3

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002)…………….. 4

*Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 Civ. 9258(ALC)(MHD), 2014 WL 1331046 (S.D.N.Y. 2014)……………………………………………………………………… 7

*Charas v. Sand Tech. Sys. Int'l, Inc.*, No. 90 Civ. 5638 (JFK), 1992 WL 296406 (S.D.N.Y. 1992)…….. 7

*City of Monroe Employ. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651 (6th Cir. 2005), *cert. denied* 546 U.S. 936 (2005)……………………………………………………………………………. 4

*Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Rep.*, 582 F.3d 393 (2d Cir. 2009)………………………………………………………… 4

*Giuliano v. Barch*, No. 16 CV 0859 (NSR), 2017 WL 1234042 (S.D.N.Y. 2017)……………………………… 5, 6, 9

*Grand River Enter. Six Nations, Ltd. v. Pryor*, 425 F.3d 158 (2d Cir. 2005)…………………………….. 3

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985)……………………………………. 5

*In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 346 (S.D.N.Y. 2005)……………………………………… 7

*In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453 (S.D.N.Y. 2008), *affd sub nom. State Univs. Retirement Sys. v. AstraZeneca PLC*, 334 Fed. Appx. 404 (2d Cir. 2009)………………………………… 3, 9

*In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204 (2d Cir. 2003)…………………………………. 3

*In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005), *affd* 538 F.3d 71 (2d Cir. 2008), *cert denied sub nom. Federal Ins. Co. v. Kingdom of Saudi Arabia*, 557 U.S. 935 (2009)……………………………………………………. 3

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)……………………………………………. 10

*Jonas v. Estate of Leven*, 116 F. Supp. 3d 314 (S.D.N.Y. 2015)…………………………………………. 7, 9

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)............................................................................ 4

*Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976 (S.D.N.Y. 1992)...................................................... 4

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460 (1988)........................................................................... 4

*Laufer v. Ostrow*, 55 N.Y.2d 305 (1982)................................................................................................... 5

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50 (2d Cir. 2012).................................... 4

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996),
*cert. denied* 519 U.S. 1006 (1996)............................................................................................................. 3

*Patane v. Clark*, 508 F.3d 106 (2d Cir. 2007)............................................................................................ 5

*PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105 (2d Cir. 1997).................................................................. 4

*Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175 (S.D.N.Y. 1995)................................................... 3

*Pramer S.C.A. v. Abaplus Int'l Corp.*, 76 A.D.3d 89 (1st Dept. 2010)..................................................... 8, 9

*Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518 (10th Cir. 1987)............................. 7

*Walden v. Fiore*, 571 U.S. 277 (2014)....................................................................................................... 10

**STATUTES AND RULES**

Fed. R. Civ. P. 12(b)(2).............................................................................................................................. 1, 4

New York CPLR § 301............................................................................................................................... 4, 5

New York CPLR § 302............................................................................................................................... 4, 6-9

**PRELIMINARY STATEMENT**

Defendants John Drake and Edward Brendan Lynch ("Movants") jointly submit this memorandum in support of their motions to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction. Both men are outside directors of defendant Alpha Re Ltd. (a Cayman Islands entity), and non-domiciliaries of the United States. Neither ever entered this jurisdiction to conduct business on behalf of Alpha Re Ltd. or otherwise in connection with their role as directors. Neither has any ongoing, substantial presence in this jurisdiction. Thus, there is neither "specific" nor "general" personal jurisdiction over either Movant and the First Amended Complaint must be dismissed as to each of them.

**THE RELEVANT ALLEGATIONS OF THE COMPLAINT**

For the purposes of this motion, the allegations of the complaint must be treated as if true.[1] The First Amended Complaint rarely mentions the Movants – and, when it does do so, it almost invariably speaks in generalities.

The First Amended Complaint expressly recognizes that Movants are non-citizens of the United States. Drake resides in Ontario, Canada and Lynch resides in Nassau, New Providence, Bahamas. (FAC ¶¶ 26-27)[2] There is no claim in the First Amended Complaint of "general" jurisdiction over either Movant. That is, there are no allegations that they reside in New York, own, use or possess real property in New York, have bank accounts or other property interests in New York, regularly transact

---

[1] In actuality, there are important errors in the complaint. Silence here should not be taken as assent.
[2] Citations in the form, "FAC ¶" refer to paragraphs in the First Amended Complaint herein. Citations in the form, "Drake Decl. ¶" refer to paragraphs in the Declaration of John Drake in Support of Motion to Dismiss, submitted herewith. Citations in the form, "Lynch Decl. ¶" refer to paragraphs in the Declaration of Brendan Edward Lynch in Support of Motion to Dismiss, submitted herewith.

1

business in New York, or have any other substantial, ongoing contacts with New York. In fact, neither man has any meaningful nexus to New York. (Drake Decl. ¶ 4; Lynch Decl. ¶¶ 4-6)[3]

The First Amended Complaint addresses personal jurisdiction over Movants in two identical paragraphs. As to Drake, the First Amended Complaint alleges:

> The Court has personal jurisdiction over Drake because – as Director of Alpha [i.e., defendant Alpha Re Ltd.] – Drake directed overt acts to be committed in New York in furtherance of the acts that are the basis of the claims herein. This includes, but is not limited to, directing [defendants] Graham, Solow, Tolaram, and other Alpha [Re Ltd.] representatives to meet with Great Western in New York on or about November 16, 2017 in furtherance of the acts that are the basis of the claims herein.

(FAC ¶ 51) This broad-brush, conclusory allegation is repeated verbatim as to Lynch. (FAC ¶ 52)

Notably, the First Amended Complaint merely accuses Movants of "directing" others to attend the November, 2017 meeting. There is no allegation that either Drake or Lynch was present at said meeting in New York – either in person or electronically. In fact, they did not participate. (Drake Decl. ¶ 4.b; Lynch Decl. ¶ 5)

There is no allegation anywhere in the First Amended Complaint that either Movant ever entered the jurisdiction in connection with any Alpha Re Ltd. business. In fact, they did not do so. Their Alpha Re Ltd. activities were limited to participating in Board meetings, and all Board meetings in which either Movant participated were telephonic, in which they joined from their homes, respectively, in Canada or the Bahamas, or elsewhere outside the United States. (Drake Decl. ¶ 3; Lynch Decl. ¶ 4)[4]

---

[3] Paragraph 44 of the First Amended Complaint alleges that the Court has jurisdiction over Alpha Holdings because the "directors and owners of Alpha Holdings – Tolaram, Drake, Lynch, Graham, and Solow – transacted business, maintained substantial contacts and/or committed overt acts that are the basis of the claims herein in New York…" First, this paragraph expressly relates only to Alpha Holdings. Second, this mish-mash of vague allegations, with no mention of which ones apply to Lynch "and/or" Drake, versus the other individuals named, adds nothing to the First Amended Complaint with regard to personal jurisdiction over Movants.

[4] As far as relates to the Movants, the rest of the factual allegations of the First Amended Complaint boil down to summary conclusions that Movants knew of alleged malfeasance by others, and then failed to disclose or correct such alleged errors, to their unspecified benefit. (*See* FAC ¶¶ 71, 82, 90, 91, 106, 113)

**LEGAL ARGUMENT**

**THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE FACTS THAT, IF TRUE, WOULD CREATE PERSONAL JURISDICTION OVER THE MOVANTS**

    **A. The Standard of Review Requires Dismissal**

Plaintiff bears the burden of establishing that the Court has jurisdiction over the defendant. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566-67 (2d Cir. 1996), *cert. denied* 519 U.S. 1006 (1996). Prior to discovery, the Court credits a plaintiff's averments of jurisdictional facts as true, *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d at 206, but the allegations must make a *prima facie* showing of jurisdiction. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990), *cert. denied* 498 U.S. 854 (1990). To meet this burden, plaintiff must allege specific facts supporting personal jurisdiction; it may not rely upon conclusory allegations. *Alki Partners, L.P. v. Vatas Holdings GMBH*, 769 F. Supp. 2d 478, 487 (S.D.N.Y. 2011), *affd sub nom. Alki Partners, L.P. v. Windhorst*, 472 Fed. Appx. 7 (2d Cir. 2012); *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 804 (S.D.N.Y. 2005), *affd* 538 F.3d 71 (2d Cir. 2008), *cert denied sub nom. Federal Ins. Co. v. Kingdom of Saudi Arabia*, 557 U.S. 935 (2009); *see, e.g.*, *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 467 (S.D.N.Y. 2008), *affd sub nom. State Univs. Ret. Sys. v. AstraZeneca PLC*, 334 Fed. Appx. 404 (2d Cir. 2009).

On a motion to dismiss for lack of personal jurisdiction, the Court may consider affidavits submitted by the parties. *Grand River Enter. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005); *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 178 n. 2 (S.D.N.Y. 1995) ("[U]nlike Rule 12(b)(6) motions, . . . '[i]t is well-settled that in considering jurisdictional motions, the Court may consider evidence outside of the pleadings in reaching its decision without necessitating the use of Rule 56.'") (*citation omitted*).

3

While the complaint need only allege facts constituting a *prima facie* showing of personal jurisdiction, courts "will not draw 'argumentative inferences' in the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual allegation." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (citations omitted). Moreover, each defendant's contacts with the forum must be assessed individually, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984), and independently of allegations of liability, *City of Monroe Employ. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 667 (6th Cir. 2005), *cert. denied* 546 U.S. 936 (2005); *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 470 (1988); *Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 988 (S.D.N.Y. 1992).

Where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules. *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). A New York federal court may exercise personal jurisdiction over an out-of-state defendant if 1) "New York law would confer upon its courts the jurisdiction to reach the defendant" and then, only if 2) "extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002); *see also Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Rep.*, 582 F.3d 393, 396 (2d Cir. 2009) ("A court must have a statutory basis for asserting jurisdiction over a defendant, and the Due Process Clause typically also demands that the defendant, if not present within the territory of the forum, have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (*internal citations, quotation marks and alterations omitted*).

Thus, the First Amended Complaint must contain allegations sufficient to create either "general" or "specific" jurisdiction, pursuant to either § 301 or § 302 of New York's Civil Practice Law and Rules ("CPLR"). As set forth below, the complaint satisfies neither provision, and therefore must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B. The First Amended Complaint Does Not Satisfy the New York Statute**

**1.  The Movants Are Not Subject to the "General" Jurisdiction of New York Courts Because They Are Not Alleged to Have Permanent and Continuous Contacts With This State**

Under CPLR § 301, New York courts will exercise "general" jurisdiction over a nondomiciliary defendant, where that defendant is engaged in such a continuous and systematic course of "doing business" in the state as to warrant a finding of his "presence" in this jurisdiction.  The test is whether the defendant may be said to be "present" in the State "not occasionally or casually, but with a fair measure of permanence and continuity," making it reasonable and just according to "'traditional notions of fair play and substantial justice'" that the defendant be required to defend the action here. *Laufer v. Ostrow*, 55 N.Y.2d 305, 309-10 (1982) (citations omitted).

In evaluating whether a defendant is "doing business" in New York, courts look to a nonexclusive number of factors, none of which is conclusive, including: (1) "the existence of an office in New York"; (2) "the solicitation of business in the state"; (3) "the presence of bank accounts and other property in the state"; and (4) "the presence of employees of the foreign defendant in the state." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985).  The *Hoffritz* test applies to individuals as well as to organizations.  *Giuliano v. Barch*, No. 16 CV 0859 (NSR), 2017 WL 1234042, at *5 (S.D.N.Y. 2017).

The First Amended Complaint does not make any allegations to support general jurisdiction in New York over the Movants.  Nor would any amendment cure this defect.  As set forth in their respective declarations, neither Movant has a continuous, ongoing presence in New York.  Neither owns, uses or possesses real property here, has a bank account here, or regularly travels here on business.  Thus, granting leave to amend the complaint yet again would be futile*. See, e.g., Patane v. Clark*, 508 F.3d 106, 113 n.6 (2d Cir. 2007) ("A district court may properly deny a motion to amend when it finds that amendment would be futile.")

**2. The Movants Are Not Subject to "Specific" Jurisdiction Pursuant to CPLR § 302**

CPLR § 302 is New York's "long-arm" statute, permitting jurisdiction over an out-of-state defendant for the purposes of a specific litigation.  The First Amended Complaint does not enumerate which sections of CPLR § 302, if any, plaintiff relies upon.   None apply.

**a. Movants are not "doing business" in New York.**

The first theoretically possible basis for personal jurisdiction would be if Movants "transact business" in New York, thus subjecting them to jurisdiction under CPLR § 302(1)(a).  However, the First Amended Complaint fails to offer factual allegations to make out a *prima facie* case under this section of New York's long-arm statute.

In sum, the standard for jurisdiction under this provision is as follows:

"Whether a non-domiciliary is transacting business within the meaning of CPLR 302(a)(1) is a fact based determination, and requires a finding that the non-domiciliary's activities were purposeful and established 'a substantial relationship between the transaction and the claim asserted.'" *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 376, 998 N.Y.S.2d 720, 23 N.E.3d 988 (2014). "Purposeful activities are volitional acts by which the non-domiciliary 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380, 849 N.Y.S.2d 501, 880 N.E.2d 22 (2007)). "More than limited contacts are required for purposeful activities sufficient to establish that the non-domiciliary transacted business in New York." *Paterno*, 24 N.Y.3d at 376, 998 N.Y.S.2d 720. New York case law makes clear that "it is the quality of the defendants' New York contacts that is the primary consideration" in a 302(a)(1) analysis. *Fischbarg*, 9 N.Y.3d at 380, 849 N.Y.S.2d 501, 880 N.E.2d 22; *see also Royalty Network Inc. v. Dishant.com*, *LLC*, 638 F. Supp. 2d 410, 417-18 (S.D.N.Y. 2009).

*Giuliano v. Barch*, 2017 WL 1234042, at *7.

The only allegations in the First Amended Complaint against Movants relate to their position as members of the Board of Directors of Alpha Re Ltd.  The gist of those allegations is that they failed to act or failed to disclose information.  (*See* citations, n.4, *supra*)  The fact that Movants were members of the Board of Directors of Alpha Re Ltd. does not suffice.  Thus:

6

> Jurisdiction over a corporation's board member, officer or employee, in his or her individual capacity, must be premised on the defendant's own personal contacts with the forum, and not the acts and/or contacts carried out by the defendant in his or her corporate capacity. *In re Terrorist Attacks on September 11, 2001*, 718 F. Supp. 2d 456, 470-71 (S.D.N.Y. 2010) (collecting cases). Indeed, "a person's status as a board member is not alone sufficient to establish jurisdiction." *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 467 (S.D.N.Y. 2008) (citations omitted), *aff'd sub nom. State Univs. Ret. Sys. of Illinois v. AstraZeneca, PLC*, 334 Fed. Appx. 404 (2d Cir. 2009).

*Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 Civ. 9258(ALC)(MHD), 2014 WL 1331046, at *5 (S.D.N.Y. 2014); s*ee also Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) ("Jurisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state."); *Charas v. Sand Tech. Sys. Int'l, Inc.*, No. 90 Civ. 5638 (JFK), 1992 WL 296406, at *4-5 (S.D.N.Y. 1992); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 346, 399 (S.D.N.Y. 2005).

Movants are not alleged to have committed a single act in New York on behalf of Alpha Re Ltd., or otherwise, related to the claims in the complaint.  The only specific act anywhere in the First Amended Complaint that is alleged to have taken place in New York is the November 16, 2017 meeting – and the First Amended Complaint (correctly) omits Movants from the list of those present.   (FAC ¶¶ 44; 51-53)  There is nothing remotely approaching the requirement that a complaint allege a purposeful activity evidencing a substantial relationship between a business transaction by Movants and the claims asserted in the complaint.  *See, e.g.*, *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 325-28 (S.D.N.Y. 2015).

The First Amended Complaint utterly fails to set forth facts creating a *prima facie* case that Messrs. Drake and Lynch transacted any business in New York – much less that any such (nonexistent) business activities were purposeful and had a substantial relationship to the claims at issue.  Personal jurisdiction cannot be predicated on CPLR § 302(1)(a).

**b. Movants Committed No Tort Which Might Subject Them to Jurisdiction.**

Another theoretical basis for long-arm jurisdiction, albeit not one asserted in the First Amended Complaint, might be the commission of a tort by Movants.  *See* CPLR § 302(a)(2) or (3).  However, while the First Amended Complaint accuses others of the tort of fraud, or aiding and abetting fraud, Movants are not named in those causes of action.  (*See* FAC Counts Three and Four)

It is true that Count Five, sounding in RICO, conclusorily alleges that Messrs. Drake and Lynch (among others) "continually engaged in self-dealing and fraud by investing Trust Account assets with entities they controlled in order to enrich the scheme participants and/or protect the scheme by paying demands from other entities…" (FAC ¶ 181.h.), and did so "willfully and with actual knowledge that the conduct was fraudulent."  (FAC ¶ 182).[5]  Assuming *arguendo* that these acts would constitute torts, the First Amended Complaint still does not allege sufficient facts for long-arm jurisdiction over Movants.

First, CPLR § 302(a)(2) is not satisfied because there is no allegation that Movants were present in New York when committing the alleged torts. *Pramer S.C.A. v. Abaplus Int'l Corp.*, 76 A.D.3d 89, 97 (1st Dept. 2010) ("To find that a defendant has committed a tortious act in New York, our courts have traditionally required the defendant's presence here at the time of the tort.").  As set forth above, Movants conducted no Alpha Re Ltd. business here at all.  Thus, that precondition to personal jurisdiction can *never* be established.

Nor does jurisdiction exist under CPLR § 302(a)(3), which applies to torts committed outside the state but having their effects in New York.  Among other defects in the First Amended Complaint, neither Movant is alleged to "derive[] substantial revenue from goods used or consumed or services rendered, in the state" or "from interstate or international commerce."  Conclusory allegations that

---

[5] These allegations are "repeated and realleged" in the other RICO counts, along with similarly vague and conclusory allegations.

8

members of a board of directors are involved in fraud are insufficient to create specific jurisdiction. *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d at 467.

At bottom, as far as Movants are concerned, the true nature of plaintiff's complaint is that Alpha Re Ltd. breached its contract. Loose and broad allegations of fraud, linked to unspecified claims that Movants failed to act to prevent such fraud, do not create long-arm jurisdiction, *Giuliano v. Barch*, 2017 WL 1234042, at *11.; *Jonas v. Estate of Leven*, 116 F. Supp. 3d at 332-33, especially absent allegations that the defendants knew their acts would have an effect in New York. *Pramer S.C.A. v. Abaplus Int'l Corp.*, 76 A.D.3d at 97. Nor does the First Amended Complaint allege actual injury in New York. Great Western is a Utah entity, and, as far as may be gleaned from the complaint, that is the situs of injury. *See id.* at 98. As a result, CPLR §§ 302(a)(2) and (3) do not confer personal jurisdiction here.

### c. Movants Have No Property in New York

Finally, CPLR § 302(a)(4) authorizes personal jurisdiction over a defendant who "owns, uses or possesses any real property situated within the state." Neither Movant does so, in fact, or is alleged to do so in the First Amended Complaint. (Drake Decl. ¶ 4.c; Lynch Decl. ¶ 6)

\*       \*       \*

In sum, the First Amended Complaint satisfies none of the sections of CPLR § 302(a), New York's "long-arm" statute.

**C. Jurisdiction over Movants Would Not Comport with Due Process**

Even where a defendant has sufficient "minimum contacts" with the forum to support "long-arm" jurisdiction, due process requires that the exercise of jurisdiction must be reasonable and not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

What the complaint sets forth, at rock bottom, is an alleged scheme by defendant Graham to move his management of the trust funds into the dark, where no one else had visibility. (*See, e.g.*, FAC ¶¶ 4-7, 60, 70-71) Accepting these allegations as true for the current purposes, neither of the Movants, as Alpha Re Ltd. directors, had any more control over what Graham was doing with the trust funds than did plaintiff Great Western. The First Amended Complaint's conclusory allegations that movants were somehow "aware" of Graham's alleged activities do not satisfy due process. *See, e.g., Walden v. Fiore*, 571 U.S. 277, 288-91 (2014) (awareness that effects of conduct would be felt in Nevada did not create jurisdiction over out-of-state defendant). It would be offensive to traditional notions of fair play and substantial justice to haul these two residents of foreign countries, with peripheral (at best) involvement, into a jurisdiction where they have no meaningful contact, to answer charges that, in truth, have nothing much to do with them.[6]

---

[6] This is particularly true with regard to defendant Drake, who was not even a member of the Board of Alpha Re Ltd. in June, 2012, when the critical "novation agreement" was executed. *Compare* FAC ¶ 57 *with* Drake Decl. ¶ 2.

**CONCLUSION**

For the reasons set forth above, defendants John Drake and Brendan Edward Lynch respectfully request that the Court dismiss the First Amended Complaint as to them pursuant to Fed. R. Civ. P. 12(b)(2), without leave to replead.

Dated: New York, New York
November 21, 2018

                                          LAW OFFICES OF THOMAS C. MOORE, P.C.

                                          _____
                                          By: Thomas C. Moore
                                          *For Defendant John Drake*

                                          LAW OFFICE OF ANDY S. OH, PLLC

                                          _____
                                          By: Andy S. Oh
                                          *For Defendant Edward Brendan Lynch*