

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA • ASIA PACIFIC • EUROPE

GKELLY@SIDLEY.COM
+1 312 853 2068

December 12, 2018

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    *Great Western Ins. Co. v. Mark Graham, et al.*, Case No. 18-06249 (VSB)

Dear Judge Broderick:

      I write on behalf of Great Western Insurance Company ("Great Western") to respectfully request that the Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), grant Great Western leave to file a Second Amended Complaint, attached hereto as Exhibit A (without exhibits). Attached hereto as Exhibit B is a comparison of the proposed Second Amended Complaint to the First Amended Complaint (Doc. 69).

      On July 10, 2018, Great Western filed its original Complaint (Doc. 5). Pursuant to the Court's October 3, 2018 Order (Doc. 66), and without objection by any defendant, on October 5, 2018, Great Western filed its First Amended Complaint. The only change from the Complaint to the First Amended Complaint was one small addition to make explicit that Great Western is asserting that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 to eliminate any unnecessary briefing. As such, the proposed Second Amended Complaint would be the first substantial amendment to Great Western's pleadings.

      Although Great Western believes it has sufficiently pled facts to maintain all of its claims as set forth in its First Amended Complaint, Great Western has recently learned of additional facts regarding, *inter alia*, the fraud and missing funds that are central to this matter. With an eye towards judicial economy and efficiency, Great Western now seeks leave to file a Second Amended Complaint.

      Under Federal Rule of Civil Procedure 15, the Court "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has recognized that leave to amend should be "liberally granted," *Samad Bros., Inc. v. Bokara Rug Co. Inc.*, No. 09 CIV. 5843 JFK KNF, 2010 WL 4457196, at * 2 (S.D.N.Y. Oct. 18, 2010)

# SIDLEY

The Honorable Vernon S. Broderick
December 12, 2018
Page 2

(citing *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008)), and that leave may be denied only where there is undue delay, bad faith, undue prejudice to the opposing party, or if amendment would be futile. *RSM Prod. Corp. v. Fridman*, No. 06-11512, 2008 WL 474144, at *3 (S.D.N.Y. Feb. 19, 2008) (citing *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir. 1987)).

     Great Western has not sought leave to file its proposed Second Amended Complaint for any improper purpose, nor will the requested amendment prejudice defendants or cause undue delay, as this litigation is only in the initial stages. Currently, the parties are in the process of briefing motions to dismiss, and the proposed Second Amended Complaint in fact addresses certain arguments raised by some of the defendants in those motions.

     Accordingly, Great Western respectfully requests that it be granted leave to file its proposed Second Amended Complaint.

                                            Respectfully submitted,

                                            */s/ Gerard D. Kelly*
                                            Gerard D. Kelly
                                            (admitted *pro hac vice*)

Enclosure

cc:     Counsel of Record (via ECF)