

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

SMCINERNEY@SIDLEY.COM
+1 312 853 3766

AMERICA • ASIA PACIFIC • EUROPE

May 28, 2019

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    *Great Western Ins. Co. v. Mark Graham, et al.*, Case No. 18-06249 (VSB)

Dear Judge Broderick:

I write on behalf of plaintiff Great Western Insurance Company ("Great Western") to respectfully request the following jurisdictional discovery and briefing schedule for the motion to dismiss filed by defendant Gregory Tolaram ("Tolaram"). *See* Dkt. 168-170. Although Great Western believes it has sufficiently pled facts in its Second Amended Complaint to establish this Court's jurisdiction over Tolaram, in light of defenses raised by Tolaram in his motion to dismiss, Great Western seeks the Court's approval for limited jurisdictional discovery and a slightly modified briefing schedule.

On May 21, 2019, and again on May 23, 2019, counsel for Great Western raised this matter with counsel for Tolaram. However, on the evening of May 28, 2019, counsel for Tolaram informed counsel for Great Western that he has still been unable to address the topic with his client, due, *inter alia*, to U.S. and Bermuda holidays.

It is well established that jurisdictional discovery should be allowed in instances such as this. *See, e.g.*, *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) ("A plaintiff should be provided with ample opportunity to secure and present evidence relevant to the existence of jurisdiction through jurisdictional discovery."); *Tese-Milner v. De Beers Centenary A.G.*, 613 F. Supp. 2d 404, 417 (S.D.N.Y. 2009) ("Without jurisdictional discovery, the Second Circuit has stated that 'it may be extremely difficult for plaintiffs ... to make a *prima facie* showing of jurisdiction over a foreign corporation that they seek to sue in the federal courts in New York.'").

As pled in Great Western's Second Amended Complaint, Tolaram personally attended numerous meetings in New York including a meeting with Great Western in November 2017, as

# SIDLEY

The Honorable Vernon S. Broderick
May 28, 2019
Page 2

well as personally directed Alpha Re Limited and other defendants to transact business in New York and to commit overt acts in New York that are the basis of the claims in this lawsuit. *See* Second Am. Complaint, Dkt. 106 at ¶¶ 48, 56, 180, 202. However, given the fact that the defendants' whole scheme was to obfuscate and hide facts from Great Western, jurisdictional discovery would assist Great Western in uncovering more connections between Tolaram and New York.

There is all the more reason for jurisdictional discovery here, given that Tolaram's declaration and motion to dismiss raise numerous questions of fact related to this Court's jurisdiction. For instance, Tolaram's declaration states that "the primary purpose" for his November 2017 meeting with Great Western in New York was to "assist Great Western in addressing an issue raised by its regulator…" *See* Declaration of Gregory Tolaram, Dkt. 169 at ¶¶ 9-10. Moreover, permitting limited jurisdictional discovery here would be consistent with how the parties approached potential jurisdictional discovery and briefing with respect to Messrs. Drake and Lynch. *See* Dkt. 67.

To this end, Great Western proposes the following schedule for jurisdictional discovery and briefing:

- June 7, 2019 – Deposition of Tolaram on jurisdiction issues via telephone. No later than June 5, 2019, Tolaram shall produce all documents related to (1) the November 2017 meeting in New York, and (2) any other meetings attended by Tolaram in New York related to any of the defendants named in this lawsuit.

- June 14, 2019 – Tolaram shall complete his review of the deposition transcript and submit any errata sheets with respect thereto.

- June 21, 2019 – Great Western's opposition to Tolaram's motion to dismiss shall be due.

- June 28, 2019 – Tolaram's reply brief shall be due.

Respectfully submitted,

*/s/ Stephen W. McInerney*
Stephen W. McInerney
(admitted *pro hac vice*)

# SIDLEY

The Honorable Vernon S. Broderick
May 28, 2019
Page 3

cc:     Counsel of Record (via ECF)