```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GREAT WESTERN INSURANCE                                     :
COMPANY,                                                    :
                                                            :
                              Plaintiff,                    :    18-CV-6249 (VSB)
                                                            :
              -against-                                     :        ORDER
                                                            :
MARK GRAHAM et al.,                                         :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me are two letter motions filed by Plaintiff Great Western Insurance Company ("Great Western") seeking permission to file certain documents under seal. In one, filed October 29, 2021, Great Western seeks to file under seal Exhibits 16, 20, 21, 23, and 25 to a declaration, on the grounds that they contain "previously non-disclosed financial information, previously non-disclosed business confidential information, and other sensitive information." (Doc. 251 ("October Seal Motion").) On November 12, 2021, Great Western filed another letter motion seeking permission to file under seal Exhibit D to a different declaration. (Doc. 261 ("November Seal Motion").) In it, Great Western makes the same argument as in the October Seal Motion: that it seeks to "seal Exhibit D attached to its accompanying declaration" because it "contains redactions" that "protect certain sensitive financial account numbers," and because it "consists of or relates to previously non-disclosed financial information, previously non-disclosed business confidential information, and other sensitive information." (*Id.*)[1]  Collectively, I will refer to

---

[1] In the November Seal Motion, Great Western also states that certain Defendants, when contacted by Great Western, said "that Exhibit D is 'privileged,'" but Great Western says that these Defendants did not explain the nature of this privilege and that Great Western itself disagrees with the assertion of privilege. Because Great Western is the only party seeking sealing and expressly disclaims privilege, I do not consider privilege as a basis for

these as the "Sealing Motions."

Both Sealing Motions are DENIED without prejudice.

My Individual Rules require that sealing and redactions be narrowly tailored in light of the presumption in favor of public access to judicial documents. Both Sealing Motions would contravene this. Even by Great Western's own terms, both Sealing Motions only seek to file under seal a subset of the exhibits accompanying attorney declarations. But Great Western did not file either declaration or any of the exhibits attached to them in public form. Rather, it filed both declarations and all exhibits attached to them under provisional seal. I will not approve the filing under seal of documents for which Great Western does not even purport to seek sealing.

Furthermore, Great Western's arguments for sealing are insufficient to allow me to determine the propriety of sealing. Great Western's Sealing Motions only assert, without any kind of support or explanation, that the exhibits it seeks to file under seal contain "previously non-disclosed financial information" and "other sensitive information." While "[c]ourts in the Second Circuit" will allow for sealing and redaction to "protect[] from disclosure proprietary, sensitive, and confidential business information," the party seeking sealing must provide the court with enough clarity to determine why the information in question should be protected from disclosure. *See Markowitz v. KBI Servs.*, Civil Action No. 21-mc-00397-LGS, 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021) (collecting cases where sealing was appropriate because, among other reasons, "documents contained company's proprietary marketing strategies, product development, costs and budgeting information" (citation omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing filings in redacted form where "Plaintiffs' proposed redactions are generally limited to specific business

---

sealing at this time. To the extent Defendants believe that Exhibit D contains privileged information they should file documents supporting this assertion by on or before November 19, 2021.

information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." (internal quotation marks omitted)). Without more explanation, I cannot determine what if any reasons in favor of sealing exist as basis for Great Western's Sealing Motions.

Finally, Great Western does not explain why the exhibits it seeks to seal need to be sealed in their entirely, as opposed to filed in redacted form. In general, when "information can be redacted, . . . there is no need for the entire exhibit to remain sealed." *See Sunny Merch. Corp.*, 97 F. Supp. 3d at 511. Based on my own review, it would appear that the exhibit sought to be filed under seal through the November Sealing Motion would be more appropriately publicly filed in redacted form, with an accompanying, mostly-unredacted version filed under seal.[2] The same may be true for the exhibits the October Sealing Motion seeks to file under seal. For both Sealing Motions, in light of the presumption in favor of access to judicial documents, it appears that filing the exhibits in redacted form may be appropriate; however, I reserve decision on this issue at this time.

Great Western may renew both Sealing Motions on or before November 19, 2021. Great Western is reminded that it should publicly file any documents for which it does not seek permission to file under seal. I also request that Great Western consider—consistent with the case law—seeking permission to file documents with narrowly tailored redactions, rather than under seal, if redactions could serve to protect whatever sensitive information it seeks to protect from disclosure.

The Clerk of Court is respectfully directed to close the open motions at docket numbers

---

[2] The November Sealing Motion explains that certain portions of Exhibit D contain "sensitive financial account numbers," which Great Western correctly notes can be redacted without court permission under both my Individual Rules and Federal Rule of Civil Procedure 5.2. (November Sealing Motion 2).

251 and 261.

SO ORDERED.

Dated:  November 15, 2021
        New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge