

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 312 853 2068
GKELLY@SIDLEY.COM

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 12/1/2021

By December 3, 2021, the parties shall file their respective letters of no more than two pages stating their positions regarding the document they refer to as Exhibit D to the Kelly Declaration II.

November 30, 2021

**Via ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 518
New York, NY 10007

Re: *Great Western Ins. Co. v. Mark Graham, et al.*, Case No. 18-06249 (VSB)

Dear Judge Broderick:

Counsel for Plaintiff Great Western Insurance Company ("Great Western") and Defendants Blue Elite Fund Ltd. and Blue II Ltd. ("Blue Jurisdictional Defendants) submit this letter jointly.

On November 15, 2021, this Court issued an order ("Order," ECF No. 264) denying two letter motions filed by Great Western seeking permission to file under seal five documents attached as exhibits to the Declaration of Gerard D. Kelly in Support of its Supplemental Memorandum in Support of its Opposition to Defendants Wilmington Savings Fund Society, FSB, Christiana Trust, Blue Elite Fund Ltd., and Blue II Ltd.'s Motions to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction (the "Kelly Declaration I") and one document attached as an exhibit to the Declaration of Gerard D. Kelly in Support of its Response to Supplemental Memorandum of Law in Support of Defendants Blue Elite Fund Ltd. and Blue II Ltd.'s Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction (the "Kelly Declaration II"). (ECF Nos. 251, 261). On November 19, 2021, counsel for Great Western and the Blue Jurisdictional Defendants jointly requested an extension until November 30, 2021 to meet and confer on how to resolve any issues, and to renew any motions to file under seal. (ECF No. 265). On November 22, 2021, this Court granted the extension (ECF No. 266).

The parties have conferred and reached agreement to publicly file all but one document, with certain agreed-upon redactions. Exhibits 16, 20, 21, and 23 to the Kelly Declaration I will be redacted in accordance with Rule 5.2 of the Federal Rules of Civil Procedure, the Court's individual rules, and the stipulated confidentiality and protective order entered in this matter by

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

SIDLEY



Magistrate Judge Netburn on August 23, 2021 (ECF No. 230) (the "Protective Order"), and filed on ECF. Redactions are made to information not relevant to the question of personal jurisdiction over the Blue Jurisdictional Defendants, including account numbers, personal identifying information of the Blue Jurisdictional Defendant clients, previously non-disclosed financial information (i.e., bank balances and brokerage account balances), and previously non-disclosed proprietary investment strategies or similar trade secrets. The redactions are narrowly tailored to conform to the Federal Rules of Civil Procedure and the terms of the Protective Order.

As requested by counsel for the Blue Jurisdictional Defendants, Great Western also respectfully renews its request for leave to file under seal Exhibit D attached to the Kelly Declaration II. This document constitutes a legal bill that Great Western obtained in response to a subpoena issued to defendants Mark Graham, Blue Alternative Asset Management, and Blue Capital Management in a prior, related proceeding several years ago, in which Mark Graham and the other relevant Blue entities were represented by prior counsel. The parties have a dispute about whether this document may be properly used and publicly filed. Great Western's position is that this exhibit may be used and publicly filed, including because: (1) Great Western properly authenticated the document, which was produced in related proceedings by Mark Graham, current client of counsel for the Blue Jurisdictional Defendants, and there is no authority that would otherwise restrict its use, and (2) this is not a privileged document, and, even if it were, any such privilege has been waived. The Blue Jurisdictional Defendants' position is that this exhibit may not be used and publicly filed, including because: (1) Great Western did not produce this document in this litigation before attaching it to its opposition on supplemental briefing, and (2) the Blue Defendants believe this to be a privileged document not subject to waiver.

The parties have discussed and are unable to reach an agreement as to Exhibit D. Thus, the parties request permission to file a joint dispute letter with this Court by Friday, December 3, 2021, detailing the dispute and respective positions with regard to the use of Exhibit D and whether or not is privileged, in accordance with the Court's rules regarding discovery disputes. In the meantime, given the sensitive nature of the document, the parties request permission to file the document under seal pending the Court's ruling.

SIDLEY



Respectfully submitted,

*/s/ Gerard D. Kelly*

Gerard D. Kelly (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-2068

*One of the Attorneys for Plaintiff Great Western Insurance Company*

*/s/ Melissa S. Geller*

Melissa S. Geller
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1077

*One of the Attorneys for Defendants Blue Elite Fund, Ltd. and Blue II, Ltd.*

cc: Counsel of Record (via ECF)