**ABV** Allegaert Berger & Vogel LLP

Partha P. Chattoraj
Direct: 212.616.7076
pchattoraj@abv.com

ATTORNEYS

111 Broadway, 20th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

1199 Route 22 East
Mountainside, New Jersey 07092
908.228.8500
908.228.8515 Fax

15 North Main Street, Suite 100
West Hartford, Connecticut 06107
860.785.3133
860.650.1901 Fax

www.ABV.com

January 6, 2025

**BY ECF**

The Honorable Sarah Netburn
Chief Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

> *Great Western Insurance Company v. Mark Graham et al.*
> No. 18-cv-06249 (LTS) (SN) (S.D.N.Y.)

Dear Magistrate Judge Netburn:

   This firm represents Plaintiff Great Western Insurance Company in the above-captioned action. Pursuant to Rule II.C. of Your Honor's Individual Practices in Civil Cases, we submit this letter in response to the December 30, 2024, letter filed by Ability Insurance Company ("Ability"), Advantage Capital Holding LLC ("ACH"), Dan Cathcart, and Kenneth King (collectively, the "Ability Defendants"), requesting an informal conference to address a dispute between the parties regarding Plaintiff's responses to certain contention interrogatories (ECF No. 396). The Ability Defendants take issue with six of Plaintiff's responses to Ability's First Set of Interrogatories (ECF No. 396 at 2) and two of Plaintiff's responses to ACH, Kenneth King, and Dan Cathcart's First Set of Interrogatories (*id.* at 3). As set forth below, Plaintiff has provided sufficient responses to these interrogatories. The Ability Defendants' demand for supplementation of these responses and for additional responses violates the SDNY Local Civil Rules ("Local Rules"), seek information that is subject to expert discovery, and is otherwise improper at this stage of discovery.

   Accordingly, Plaintiff should not be compelled to serve additional supplemental interrogatory responses prior to the close of discovery.

# ARGUMENT

## I. Plaintiff Has Already Responded to Ability's Interrogatories.

The Ability Defendants assert that Plaintiff has "refused to provide any explanation" for certain allegations in the Second Amended Complaint, and specifically, that Plaintiff did not "identify the assets that Ability allegedly withdrew, let alone state a single fact or document to support the notion that [Plaintiff] owned those assets." ECF No. 396 at 2. However, as demonstrated in Plaintiff's responses to Ability's First Set of Interrogatories, which the Ability Defendants attached as Exhibit 1 (ECF No. 396-1) to their letter, Plaintiff has already provided adequate responses and identified relevant documents, and has therefore sufficiently identified the factual basis for the allegations in the Second Amended Complaint.

For example, in Ability's Interrogatory No. 6, Ability demanded that Plaintiff "state all facts and identify all Documents" supporting Plaintiff's allegation that Ability was unjustly enriched, "including the precise amount of their alleged benefit/enrichment and computation for any such alleged benefit/enrichment." ECF No. 396 at 2. In response, Plaintiff directed Ability to ABIL0127551, Ability's Notice of Withdrawal of all assets held in the trust as of October 31, 2016, including assets belonging to Great Western pursuant to the Trust Agreement, the 2012 Master Purchase Agreement, and the Repurchase Transactions set forth in the Repurchase Agreement. ECF No. 396-1 at 13. This document, which was produced by Ability, also included a detailed list of all assets held as of October 31, 2016.

Similarly, in response to Ability's Interrogatory No. 7, which asked Plaintiff to identify the property referenced in Paragraph 249 of the Second Amended Complaint and to identify "all facts and Documents" supporting Plaintiff's allegation that such property belonged to Plaintiff, Plaintiff identified the property as $148 million of assets belonging to Plaintiff, which were transferred into Defendant Cygnet 001 Master Trust Series 2011-C ("Series 2011-C"), and which Ability subsequently withdrew. ECF No. 396-1 at 13-14. Plaintiff again directed Ability to the Notice of Withdrawal, which supports Plaintiff's allegation that that the assets belonged to Plaintiff. *Id.*

Ability also objects to Plaintiff's response to Ability's Interrogatory No. 14, which sought the "identity of any individual or entity that traced any monies/assets paid to Ability in connection with its withdrawal to any investment" by Plaintiff. ECF No. 396-1 at 21-22. While Plaintiff objected to this interrogatory on numerous grounds, Plaintiff identified WSFS, Christiana Trust, Mark Graham, Don Solow, Gregory Tolaram, Dan Cathcart, Kenneth King, all other Defendants, the Securities and Exchange Commission, Brian Lindquist, Nathan Felix, and legal counsel engaged by Plaintiff as persons or entities that have analyzed Ability's withdrawal of Plaintiff's property from Series 2011-C. *Id.* at 22.

Hon. Sarah Netburn
January 6, 2025
Page 3

## II.    The Ability Defendants' Interrogatories Violate the Local Rules.

Local Rule 33.3 governs the scope of interrogatories. The Rule states that at the commencement of discovery, interrogatories are restricted to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Local Rule 33.3(a). During discovery, interrogatories that seek information other than the information described in Local Rule 33.3(a) may be served only "(1) if they are a more practical method of obtaining the information sought than a request for production or a deposition," (Local Rule 33.3(b)(1)) or (2) if ordered by the court (Local Rule 33(b)(2)). Finally, at "the conclusion of discovery, and at least 30 days before the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the court has ordered otherwise." Local Rule 33.3(c). The Ability Defendants' demands here do not comply with this rule.

The Ability Defendants concede that each of their interrogatories at issue here are contention interrogatories (ECF No. 396 at 4), which, in the Southern District, are not proper until after the completion of discovery. *See, e.g., In re Facebook, Inc.*, 2016 WL 5080152, at *3 (S.D.N.Y. July 7, 2016) ("Southern District courts have been generally consistent that the proper understanding of Rule 33 requires contention interrogatories be reserved until after the completion of discovery."); *see also Shim-Larkin v. City of New York,* 2022 WL 1250548, at *4 (S.D.N.Y. Apr. 27, 2022) ("courts in this Circuit have generally required contention interrogatories to be reserved until after the completion of discovery."). The Ability Defendants do not cite any authority holding otherwise. At this time, the deposition of Plaintiff and the depositions of the Ability entities have not yet taken place. *Cf. In re Facebook*, 2016 WL 5080152, at *4 ("contention interrogatories may not be served before the conclusion of other discovery, particularly the depositions of [defendants]"). For this reason alone, Plaintiff should not be compelled to supplement its responses to the Ability Defendants' interrogatories.

Even if the Court were to find that contention interrogatories are proper at this time (they are not), the Ability Defendants fail to establish how, under Local Rule 33.3(b), interrogatories are a more practical method of obtaining the information that the Ability Defendants seek than a request for production or a deposition. Instead, the Ability Defendants argue in conclusory fashion that they cannot obtain the information they seek from sources other than interrogatory responses because "only GWIC know[s] which assets it allegedly owns and why it claims an ownership interest in the assets withdrawn by the Ability Defendants." ECF No. 396 at 4. The Ability Defendants fail to explain *why* they cannot, or could not, obtain such information through requests for production, as required by Local Civil Rule 33.3. *See Pasternak v. Dow Kim,* 2011 WL 4552389, at *2 (S.D.N.Y. Sep. 28, 2011) (internal citations omitted) (explaining that contention interrogatories are "authorized under Local Rule 33.3 if they

are a more practical method of obtaining the information sought rather than a request for production of documents."). To date, Plaintiff has produced more than 150,000 documents, and the Ability Defendants have not explained why interrogatory responses are more practical than requests for production. For this reason, the Ability Defendants' demand for the interrogatory responses at issue here should be denied.

### III. The Interrogatories Violate the Scope and Limits of Fed. R. Civ. P. 26(b)(1).

The Federal Rule of Civil Procedure 26(b)(1) bars interrogatories that are overly broad, burdensome, and disproportionate to the needs of the case. *See, e.g.*, *Bal v. Manhattan Democratic Party*, 2018 WL 11466349, at *8 (S.D.N.Y. Mar. 14, 2018) (denying motion to compel responses to interrogatories that were "overbroad and vastly disproportionate to the needs of this case"). The Ability Defendants' interrogatories, as written, violate this rule. In responding to contention interrogatories, a party "is not required to review documents that have already been produced[,] nor will a party be required to identify witnesses and documents where that information will subsequently be supplied in a pretrial order." *Pasternak v. Dow Kim*, 2011 WL 4552389, at *2 (S.D.N.Y. Sep. 28, 2011) (internal citations omitted).

Here, the Ability Defendants' interrogatories seek *all* facts and demand that Plaintiff produce *all* documents supporting various allegations in Plaintiff's Second Amended Complaint. *See e.g.*, Ability's Interrogatory No. 4 ("Please state all facts and identify all Documents supporting your allegation…"); Ability's Interrogatory Nos. 6, 13 (same); ACH, King, and Cathcart's Interrogatory Nos. 3-4 (same). Contention interrogatories that seek *all* facts in support of an allegation or that demand *all* documents be identified are simply improper. *See Pasternak*, 2011 WL 4552389, at *2-*3 (denying plaintiff's motion to compel responses to purported contention interrogatories where the interrogatories sought more than the defendant's "specific position on a particular issue in the case" and demanded that the defendant "describe all facts and produce all the documents that support" an allegation, as such interrogatories would not "narrow the issues for trial"); *see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (striking interrogatories that sought "every fact, every piece of evidence, every witness, and every application of law to fact" because such requests were "overly broad and unduly burdensome"). Accordingly, Plaintiff should not be required to supplement its responses to meet these unreasonable demands.

### IV. The Interrogatories Seek Information that is More Appropriately Subject to Expert Discovery.

At the times set forth in the Civil Case Management Plan and Scheduling Order in this action, Plaintiff will serve expert disclosures and will adduce expert witness testimony upon the forensic accounting issues that arise from this complex financial fraud, which involved numerous transactions among closely interrelated entities. Some of the information sought by the Ability Defendants' interrogatories can be more practically obtained through such expert

discovery. For example, Ability's Interrogatory Nos. 4 and 5 seek information about "tracing" funds withdrawn by Ability to any investment by Plaintiff. ECF No. 396 at 2. And ACH, King, and Cathcart's Interrogatory Nos. 3 and 4 seek information calculating "the precise amount of their alleged benefit/enrichment." ECF No. 396 at 3.

In this Circuit, a party is not required to respond to contention interrogatories that seek complex and detailed information that is more suitable for an expert. *See, e.g.*, *Foti ex rel. Louisiana v. Eli Lilly & Co.*, 2008 WL 2858617, at *2 (E.D.N.Y. Jul. 22, 2008) (interrogatories seeking detailed information regarding the methodology used by the party were improper because such information was "more properly the subject of expert disclosure" and requiring a response would be "unduly burdensome"); *see also Tribune Co. v. Purcigliotti,* 1997 WL 540810, at *2 (S.D.N.Y. Sep. 3, 1997) ("[T]o the extent that defendants are seeking information regarding why responses of individual defendants on hearing tests are perceived [by plaintiff] as being false…the more practical means of securing that information is through expert discovery, i.e., expert reports and depositions."). Such interrogatories are especially improper in complex cases. *See, e.g., Jane Street Group, LLC v. Millennium Management LLC*, 2024 WL 4741920, at *2 (S.D.N.Y. Oct. 9, 2024) ("As in much complex commercial litigation, the Court expects that a final tabulation of claimed damages in this case will require expert analysis that has not yet been completed and likely cannot yet be completed."). Given the complex nature of this case, the Ability Defendants' interrogatories are premature, and Plaintiff should not be required to respond to them at this juncture, because the information sought will be addressed in expert discovery.

## CONCLUSION

For the reasons outlined above, Plaintiff respectfully requests that the Court deny the Ability Defendants' demand that Plaintiff provide supplemental interrogatory responses. The interrogatories are improper at this stage of discovery, are overly broad and burdensome, disproportionate to the needs of the case, and seek information that is more appropriately addressed through expert discovery.

Respectfully submitted,

Partha P. Chattoraj

cc: All counsel of record (by ECF)