**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**GREAT WESTERN INSURANCE COMPANY,**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 1/30/2026 __

                                    **Plaintiff,**                    **18-CV-06249 (LTS) (SN)**

                    -against-                                          **ORDER**

**MARK GRAHAM, et al.,**

                                    **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

After reviewing the parties' joint letter, the Third Amended Complaint, and Judge Swain's Opinion and Order granting leave to file the Third Amended Complaint, the Court will permit a limited reopening of discovery solely to the extent warranted by the new claims in the Third Amended Complaint. This reopening is not intended to relitigate issues previously explored.

Accordingly, any additional discovery shall be strictly confined to issues arising from the new claims asserted in the Third Amended Complaint and, in particular, to matters relating to the alleged 2017 transfer of assets from Series 2011-C. Discovery shall not reopen the broader factual record or the alleged scheme underlying claims previously pleaded.

With respect to the fraudulent-transfer and aiding-and-abetting claims, limited discovery may proceed only on element-specific issues that were not previously litigated, including whether fair consideration or reasonably equivalent value was given in connection with the 2017 transfer, and the knowledge and conduct of Ability/ACH (the "Ability Defendants") in the period leading up to that transfer. Consistent with Plaintiff's prior representations that Series 2011-C's insolvency, including at the time of the alleged transfers, was already the subject of extensive

discovery and expert analysis, further discovery into general insolvency or valuation issues is not permitted.

As to Defendants Mark Graham, Blue Capital Management, Inc., Blue Alternative Asset Management LLC, Blue Elite Fund Ltd., and Blue II Ltd. (the "Blue Defendants"), issues concerning insolvency, valuation, and the depletion of Series 2011-C were already pleaded and explored in connection with earlier claims. Any reopening of discovery as to the Blue Defendants shall therefore be narrowly confined to transaction-specific issues directly tied to the 2017 transfer itself, such as the mechanics of the transfer and the consideration allegedly paid. To the extent Plaintiff seeks discovery in support of its newly asserted securities fraud claim against the Blue Defendants, such discovery is not permitted, as the underlying factual allegations substantially overlap with previously pleaded fraud claims and were the subject of extensive prior discovery.

Non-party discovery, if any, shall be narrowly tailored to the issues identified above and shall not proceed absent a showing that the information sought cannot reasonably be obtained from a party.

Consistent with the limitations set forth above, the Court sets the following parameters governing the limited reopening of discovery:

**<u>Written Discovery</u>**

Any interrogatories and requests for production permitted under this limited reopening shall be served no later than February 18, 2026, and responses and objections shall be served no later than March 18, 2026. The Court declines to limit the number of such demands, but if any party challenges the scope or volume of the demands, the opposing party must justify the demands based on the limitations set forth in this Order and Rule 1 and Rule 26(b)(1).

**Depositions**

Depositions, if any, shall be limited and targeted, and directed only to genuinely new issues arising from the amended claims. All fact depositions permitted under this Order shall be completed no later than April 15, 2026. The Court declines to limit the number of depositions, but if any party challenges a deposition notice, the opposing party must justify the notice based on the limitations set forth in this Order and Rule 1 and Rule 26(b)(1).

**Expert Discovery**

A full reopening of expert discovery is not warranted. At most, narrowly circumscribed supplemental expert submissions based on the existing discovery record and any transaction-specific discovery permitted by this Order addressing insolvency at the time of the 2017 transfer, or whether the transfer rendered Series 2011-C insolvent, may be permitted. Such supplementation shall not reopen fact discovery into insolvency or valuation. No new experts, rebuttal expert reports, or expert depositions shall proceed absent further order of the Court. Any such supplemental submissions shall be served no later than May 15, 2026, with rebuttal submissions served no later than May 29, 2026.

*********

All discovery permitted under this Order shall be completed no later than June 15, 2026. Any disputes concerning the scope or burden of discovery under this Order shall be raised promptly and narrowly, consistent with the limitations set forth above.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     January 30, 2026
         New York, New York